IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUSSELL GEBERT,<br><br>      Plaintiff,<br><br> vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>      Defendant. | **8:20CV514**<br><br>**MEMORANDUM ORDER** |

  This matter is before the Court on Plaintiff's motion for attorney fees in the amount of $3,209.40 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and reimbursement of filing fee of $402.00. Filing No. 28. The Acting Social Security Commissioner ("Commissioner") does not object to Plaintiff's motion for attorney fees of filing fee. Filing No. 30.

  The EAJA provides for attorney fees if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by the party in [the] civil action' in which it prevailed." *United States S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C.A § 2412(d)(1)(A)–(2)(B)). A reasonable fee under § 2412 will not exceed "$125 per hour unless the court determines that an increase in cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.A § 2412(d)(2)(A)(ii).

  For a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. 28 U.S.C. § 2412(d)(1)(A).

1

Substantial justification occurs when the Commissioner's position has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). The Commissioner bears the burden of proving that their position is substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). In this instance, the Commissioner agrees that their position was substantially justified and does not object to Plaintiff's EAJA motion. Filing No. 30.

The Court finds that the Plaintiff is entitled to attorney fees under the EAJA. The Plaintiff's net worth did not exceed $2,000,000 at the time of filing this civil action. Plaintiff requests attorney's fees totaling $3,209.40 for 1.80 hours worked in 2020, 12.20 hours worked in 2021, and 0.80 hours of attorney work performed in 2022, subject to adjusted maximum rate for time performed. Filing Nos. 28-1, 28-2. Plaintiff argues that the increase in hourly rate from the $125.00 baseline is reflected in rising cost of living, as evidence by the cost-of-living index. Filing No. 28-1.

An increase for the cost of living is generally allowed. *Johnson v. Sullivan*, 919 F.2d 503, 508–10 (8th Cir. 1990). The Court finds that counsel is an experienced social security disability attorney whose work since 2014 has consisted of at least 50 percent Social Security law. Filing No. 28-1. Plaintiff's counsel does not generally charge an hourly fee due to his clients' indigence but states the market rate for the work performed is $250.00/hour or more. Filing No. 28-1. The Court further finds that the increase in cost of living justifies a fee higher than $125 per hour and that the rates Plaintiff requested are reasonable. The Court carefully reviewed the hours submitted and finds them reasonable in all aspects. Thus, the Court concludes that both the amount requested, and the hours

expended, are reasonable. The Court also grants the Plaintiff's request for an additional $402.00 for the filing fee. See 28 U.S.C. § 2412(a)(2).

THEREFORE, IT IS ORDERED that:

1. The Plaintiff's motion for attorney fees, Filing No. 28, is granted.
2. Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $3,209.40 are to be paid directly to the Plaintiff's attorney, less any offset to satisfy a pre-existing debt to the United States.
3. Filing fee of $402.00 is likewise to be paid directly to the Plaintiff's attorney.

Dated this 28th day of June, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge